UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the Iron Workers' Local No. 25
Pension Fund; Iron Workers' Health Fund of
Eastern Michigan; Iron Workers' Local
No. 25 Vacation Pay Fund; and Iron Workers'
Apprenticeship Fund of Eastern Michigan,       Case No. 10-15077
                                               Honorable Sean F. Cox
          Plaintiffs,

v.

DK Steel Erectors, Inc., and Donald
Kirkpatrick, individually,

          Defendants.
_____/

OPINION & ORDER GRANTING PLAINTIFFS'
MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiffs, a collection of local employee-benefit fund trustees with the Iron Workers Local No. 25 Pension Fund, filed this action pursuant to the Labor-Management Relations Act ("LMRA") and the Employee Retirement Income Security Act ("ERISA").  Plaintiffs seek to recover delinquent fringe benefits owed by Defendants DK Steel Erectors, Inc. and Donald Kirkpatrick (together, "Defendants"), the principle owner and officer of DK Steel Erectors, Inc.. The matter is currently before the Court on Plaintiffs' amended motion for default judgment. The Court held a hearing of Plaintiffs' motion on May 26, 2011.  For the reasons discussed below, the Court GRANTS Plaintiffs' motion.

BACKGROUND

On December 22, 2010 Plaintiffs filed a complaint alleging that Defendants failed to pay

1

benefit-fund contributions for work performed by employees of the Defendants. (Docket Entry No. 1 at ¶16). In their complaint, Plaintiffs allege two counts: (1) Breach of Contract, and (2) Breach of Fiduciary Duties of Donald Kirkpatrick. (Docket Entry No.1). Plaintiffs personally served Defendants on January 3, 2011. (Docket Entry Nos. 4, 5). Defendants have not filed an answer or otherwise appeared in this action. A Clerk's Entry of Default was entered on January 26, 2011. (Docket Entry No. 7).

On February 8, 2011, Plaintiffs filed a motion for default judgment. (Docket Entry No. 8) and on May 10, 2011, Plaintiffs filed the instant amended motion for default judgment (Docket Entry No. 11). Plaintiffs seek recovery of $23,801.87 in delinquent contributions, interest, and liquidated damages under provisions of the Collective Bargaining Agreement ("CBA"). *Id*. The $23,801.87 alleged as unpaid indebtedness consists of: (1) $21,008.52 in delinquent fringe contributions owed for the months of February and March of 2011; (2) $558.97 in liquidated damages; (3) $49.44 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B); (4) $49.44 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C)(i); and (5) $2,135.50 for Plaintiffs' attorney fees and costs. *Id*. at 2-3.

ANALYSIS

Federal Rule of Civil Procedure 54 provides that, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). With respect to each of the two counts, Plaintiffs' complaint requests the following relief:

- An order for an injunction restraining Defendants from continuing to violate the Collective Bargaining Agreement;

- An order that Defendant DK Steel Erectors, Inc. open its books and records for a complete payroll audit;

- Judgment against Defendants for all unpaid fringe benefit contributions, liquidated damages, interest, attorney fees and costs, and any other damages as they come due during the pendency of this action;

- An order requiring that this Court maintain jurisdiction in this matter pending compliance with the Court's orders;

- "Any such other, further, or different relief as may be just and equitable under the circumstances."  (Docket Entry No. 1 at ¶ 21(E), 25(E)).

In their motion for default judgment, Plaintiffs request money damages owed to Plaintiffs totaling $23,801.87.  Additionally, the specific relief requested by Plaintiffs remains the same.  Plaintiffs are not seeking relief different in kind or exceeding the amount demanded in the pleadings.

In support of their motion, Plaintiffs attached the CBA to which Defendant DK Steel Erectors Inc. is a signatory, exhibits outlining audit information and interest calculations, and an affidavit by Plaintiffs' counsel regarding fees and costs.  Defendants have not filed any objections to Plaintiffs' exhibits or the affidavit.  Additionally, at the May 26, 2011 hearing, Plaintiffs' counsel notified the Court that Defendants had made a payment to Plaintiffs prior to the hearing, reducing the total amount owed by Defendants to $13,440.77.

A request for attorney fees and costs is proper under ERISA.  *See* 29 U.S.C. § 1132(g)(2).  Moreover, the Sixth Circuit has found that reasonable attorney fees are mandatory where there is a judgment in favor of a fiduciary who is enforcing the payment of plan contributions pursuant to a CBA.  *See Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392 (6th Cir. 1995); *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376 (6th Cir. 1991).  In reviewing the reasonableness of attorney fees the Court looks to the numbers of hours expended on the matter and the reasonableness of

3

the hourly rate. *Grandview Raceway*, 46 F.3d at 1401.

Plaintiffs' affidavit regarding attorney fees and costs states that from January 1, 2010 to the present, Plaintiffs' counsel has worked 8.7 hours at a billing rate of $175 per hour. In total, Plaintiffs have incurred $1,522.50 in attorney fees. (Docket Entry No. 10, Ex. D). Plaintiffs have also incurred $613.00 in costs and fees. *Id*. The Court finds that these fees are reasonable.

## CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiffs' motion for entry of default judgment.

IT IS SO ORDERED.

S/Sean F. Cox<br>
SEAN F. COX<br>
UNITED STATES DISTRICT JUDGE

Dated: June 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 14, 2011 by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager